UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON INVESTMENT CO.,
an Ohio corporation

        Plaintiff,

                                    CASE NO. 05-74640

vs.                                  HON. LAWRENCE P. ZATKOFF

EVAN S. EATHERLY,

        Defendant.

_____/

**ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 12th day of December, 2005.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's Application for a Temporary Restraining Order. The facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court has decided Plaintiff's Application upon the brief submitted, without this Court entertaining oral arguments.

## I.  LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1)     whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2)     whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3)     whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4)     whether the public interest would be served by the issuance of a preliminary

injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  The standard for preliminary injunction is not a rigid and comprehensive test; the four factors are to be elements to be balanced, not prerequisites that must be satisfied.  "[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II.  FINDINGS OF THE COURT

The Court has reviewed the Plaintiff's Application and Brief in support thereof.  The Court finds that Plaintiff has not satisfied its burden to require this Court to grant Plaintiff's request for a Temporary Restraining Order.  Accordingly, Plaintiff's Motion for a Temporary Restraining Order is DENIED.

Plaintiff, Plaintiff's counsel, Defendant, and Defendant's counsel are hereby ORDERED to appear at a preliminary injunction hearing at 2:00 p.m., December 14, 2005, at the United States Courthouse, 526 Water Street, Port Huron, Michigan 48060.

IT IS SO ORDERED.

 s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE